## COMMONWEALTH *vs.* JOHN WARD.

Bristol. November 21, 1892. — December 6, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Assault and Battery — Witness — Trial.*

At the trial of an indictment for an assault and battery upon A., it appeared that A. and the defendant had an altercation, which was followed by blows; and the defendant contended that he acted in self-defence. B., who was present at the altercation, testified for the defendant, that he had started to go away, when, hearing blows, he turned round and saw A. with a cane uplifted over the defendant, who thereupon struck A. Upon cross-examination, B. denied that he had so testified, and stated that no blows were struck until he had turned round and saw A. with his cane uplifted; whereupon the defendant's counsel sought to re-examine B. upon this point. The district attorney objected to the re-examination; and the judge then said to the defendant's counsel, " If there is any matter about which the witness has not been inquired of, you may re-examine as to such matter, but I shall not permit a re-examination merely because a witness has made a statement in his direct examination which he has denied on his cross-examination, and in such examination has appeared badly, for the purpose of removing the effect of such appearance." The defendant's counsel disclaimed any such purpose, and excepted to the remark of the judge characterizing the witness as having appeared badly. The judge then stated to the counsel that it was not intended to characterize the appearance of the witness, but to call the attention of the counsel to the limit of a re-examination; and that, for the purpose of limiting the re-examination, it was for the court to consider the appearance and statement of the witness, and the question asked on re-examination. Full instructions were given to the jury upon all parts of the case. *Held,* that the defendant had no ground of exception.

INDICTMENT for an assault and battery upon Stephen H. Taylor. Trial in the Superior Court, before *Bond,* J., who allowed a bill of exceptions, in substance as follows.

The evidence introduced by the government tended to show that Taylor, at the time of the assault, was standing upon the sidewalk on Plain Street, a' public street in Fall River, in front of a lot of land with a dwelling-house thereon, which belonged to him and abutted on the street; that while Taylor was so standing, talking with an acquaintance, the defendant came up and accused Taylor of having assaulted his, the defendant's, wife that afternoon; that Taylor denied it, and, after some angry words, the defendant struck Taylor several blows with his fists

upon his head and face ; and that, at the time the blows were struck, Taylor was standing upon the sidewalk with his back against his fence.

It was contended by the defendant's counsel, in his opening, that Taylor raised a cane which he had in his hand in a menacing manner over the defendant before the latter struck any blow.

The defendant called as a witness Samuel Walker, who testified that he was present when the trouble began; that he told the defendant to go home; that he, the witness, turned to go away, and while so turned away he heard blows, and turned round and saw Taylor with his cane uplifted over the defendant to strike him, and thereupon saw the defendant strike Taylor. The defendant then asked the witness if any blows had been struck before he turned and saw Taylor with the uplifted cane, and the witness answered that there were no blows struck until after he turned and looked at Taylor and the defendant; that then the first blow was struck; and that no blows were struck before he turned and saw Taylor with his uplifted cane. The district attorney, upon cross-examination, asked the witness if he did not say in his direct examination, " I heard blows, and turned round and saw Taylor with his cane uplifted to strike Ward." The witness answered that he did not say so, and that no blows were struck until he turned round and Taylor had his cane up laying it on to the defendant. The district attorney again called his attention to the same statement made by him in his direct examination, and asked if that was not what he said, to which the witness answered that he did not say so, that what he said was that he heard a noise and turned round and saw Taylor with his cane up. The district attorney then asked him what noise he heard, and he said a noise of fighting. The further cross-examination was substantially as follows : *Q.* If there was fighting, I suppose there were blows? *A.* What I heard was the noise of fighting, which made me turn round. *Q.* What was the noise of fighting which made you turn round? *A.* A good deal more noise was made than had been made, and the crowd said they were fighting ; I heard the remark made, " They are fighting," and that was what made me turn round.

After the cross-examination was concluded, the counsel for the defendant said to the witness: " You have stated to the district attorney that you saw the first blows struck. I understood you to state at the outset, as claimed by the district attorney, that you heard blows struck, and turned round, and saw Taylor holding his cane over the defendant. Did you hear blows struck before you turned round ? " The district attorney objected to the re-examination; and the judge said to the counsel for the defendant: " If there is any matter about which the witness has not been inquired of, you may re-examine as to such matter, but I shall not permit a re-examination merely because a witness has made a statement in his direct examination which he has denied on his cross-examination, and in such examination has appeared badly, for the purpose of removing the effect of such appearance." The counsel for the defendant disclaimed any such purpose, and excepted to the remark of the judge characterizing the witness as having appeared badly. The judge then stated to the counsel that it was not intended to characterize the appearance of the witness, but to call the attention of the counsel to the limit of a re-examination; and that, for the purpose of limiting the re-examination, it was for the court to consider the appearance and statement of the witness, and the question asked on re-examination. The defendant excepted to the last remark of the judge.

The counsel for the defendant was then allowed to ask the following question: " Did you mean to say that you heard any blows struck before you turned round and saw Taylor with his cane uplifted ? "

The counsel for the defendant, in his argument to the jury, contended that the defendant had only acted in self-defence. In the charge to the jury, the judge stated the law with reference to self-defence, and, upon that part of the law relating to the duty of an assailed party to retreat, stated in substance that the obligation to retreat is different, when the assailed party is in a place where he has the right to remain, from the obligation when the assailed party is in a place where he has no right to remain ; that when the assailed party is in a place where he has no right to remain, it is his duty to retreat and avoid the assault if he can ; that in the present case the defendant had no other right

on the sidewalk than to use it as a way; that he did not have the right to stop and engage in an altercation or quarrel with Taylor ; and that it was his duty to pass along on the walk.

Full instructions were given upon all parts of the case, and no exception was taken to any part of the charge.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Cummings*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth, did not care to be heard.

KNOWLTON, J. The defendant does not contend that the ruling in regard to the re-examination of the witness was erroneous, but argues that the remark of the presiding justice referring to the appearance of the witness improperly influenced the jury. This remark was not made to the jury, but to the defendant's counsel, to bring to his attention the proper limits of a re-examination, and the matters to be considered by the judge in determining these limits. For that purpose, as between the court and the counsel, it was proper. The presiding justice stated to the counsel that it was not intended to characterize the appearance of the witness, and, if the jury heard the original remark, they doubtless heard this statement also. Moreover, it appears by the bill of exceptions that full instructions were given upon all parts of the case, and doubtless the jury were made to understand that the court could not properly influence them in regard to the appearance of the witness as affecting his credibility, and that they were the sole judges in matters of that kind.

No other exception was argued, and we discover no error in the proceedings.

*Exceptions overruled.*